UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [36]

## I.   Introduction

Pending before the Court is a motion for summary judgment filed by Defendants in this insurance coverage dispute.  For the reasons stated below, the motion is GRANTED.

## II.   Factual and Procedural Background

Plaintiff CMB Developers, Inc. purchased a general commercial liability insurance policy from Defendant Associated Industries Insurance Company, Inc.  Dkt. 36-7, Ex. 1.  The policy covered the period from August 6, 2017 to August 6, 2018.  *Id.*

The policy contains an endorsement entitled, "EXCLUSION – DESIGNATED CONSTRUCTION OR CONTRACTOR OPERATIONS."  *Id.* at 109.  In relevant part, the exclusion reads:

> This Endorsement modifies insurance provided under the following: Commercial General Liability Coverage Part[,] Products/Completed Operations Liability Coverage Part . . . . Schedule[:] Description of Excluded Operations: . . . Fire Suppression System – Installation . . . . This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

*Id.*

The policy defines "[p]roducts-completed operations hazard" to include "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work.'" *Id.* at 124. The policy defines "[y]our work" to include "[w]ork or operations by you or on your behalf." *Id.* at 125.

Between 2016 and 2018, Plaintiff remodeled and resold a home in Los Angeles. Plaintiff's Statement of Undisputed Facts ("PSUF"), Dkt. 46 ¶ 7. Plaintiff hired Radix Fire Protection, Inc. to fabricate and install a fire sprinkler system in the home. *Id.* ¶ 8.

On July 6, 2018, after the home's buyer moved in, the fire sprinkler aberrantly activated, causing significant water damage to the home. *Id.* ¶ 11. The buyer sued Plaintiff in state court. *Id.* ¶ 12.

While the state court action was pending, Plaintiff filed this case.

On July 24, 2020, the Court granted Plaintiff's motion for summary judgment as to Defendant's duty to defend Plaintiff in the state court action. Dkt. 18. The Court found the term "installation" to be ambiguous. *Id.* at 6. In particular, the Court explained that the exclusion "could reasonably be read to only apply to incidents caused by negligent installation of fire suppression systems." *Id.* at 6 n.2. On the record presented with that motion, the Court found a "potential for coverage" existed because there was "a possibility that the Incident was caused by something other than a negligent installation of the fire sprinkler system." *Id.* at 7.

Since the Court's order, Plaintiff settled the state court action. PSUF ¶ 25. Defendant then filed the instant motion for summary judgment, arguing that it does not have a duty to indemnify. Dkt. 36.

The parties do not dispute the cause of the aberrant sprinkler activation. Fire sprinkler systems activate when they detect that the surrounding temperature reaches a certain level. PSUF ¶ 14. Different temperature sprinkler systems will activate at different temperatures. *Id.* ¶ 16. Several features of the home allowed internal temperatures to exceed one hundred degrees from time to time in the area where the sprinklers were placed. *Id.* The parties agree that Radix should have selected and installed a fire sprinkler head that would only activate at higher temperatures. *Id.* ¶ 15.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

### III. Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### IV. Discussion

"Under California law, interpretation of an insurance policy is a question of law, subject to the ordinary rules of contractual interpretation." *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 847 (9th Cir. 2020) (citations omitted). "[T]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Id.* (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted).

"In the insurance context, we generally resolve ambiguities in favor of coverage." *Sprinkles v. Associated Indemnity corp.*, 188 Cal. App. 4th 69, 76 (2010) (citation omitted). "Because the insurer writes the policy, it is held 'responsible' for ambiguous policy language, which is therefore construed in favor of coverage." *Id.*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

However, "[i]f contractual language is clear and explicit, it governs." *AXIS Reinsurance Co.*, 975 F.3d at 847 (quoting *Bank of the West*, 2 Cal. 4th at 1264-65). "[Courts] will not strain to create an ambiguity where none exists or indulge in tortured constructions to divine some theoretical ambiguity in order to find coverage where none was contemplated." *Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212-13 (1997) (citations omitted).

On this record, the Court concludes that there is no genuine dispute that the exclusion described above applies in this case.

The exclusion encompasses "property damage ... arising out of 'your work' shown in the Schedule," which includes "Fire Suppression System – Installation." Ex. 1, at 109.

"California courts have consistently given a broad interpretation to the terms 'arising out of' or 'arising from' in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." *Truck Ins. Exch. v. AMCO Ins. Co.*, 56 Cal. App. 5th 619, 630 (2020) (quoting *Acceptance Ins. Co. v. Syufy Enters.*, 69 Cal. App. 4th 321, 328 (1999)).

The undisputed facts make clear that a minimal causal connection exists between Radix's installation of the sprinkler system and its aberrant activation. The parties agree that the aberrant activation occurred because Radix selected a part that would set off the sprinkler system at temperatures too low given the expected conditions in the home. SUF ¶¶ 14-16. Had a different sprinkler head been selected during installation, the sprinkler system would not have gone off, and no water damage would have occurred. There is thus no genuine dispute that the water damage arose from the installation of the sprinkler system.

In its prior order, the Court concluded that a reasonable insured could interpret the exclusion to be triggered only when the sprinkler system was caused by negligent installation. Dkt. 18, at 6-7. There can be no genuine dispute on this record that the water damage occurred due to Radix's negligence. Plaintiff considers it "[u]ndisputed that an intermediate temperature rated sprinkler should have been selected." SUF ¶ 16. The conditions in the unit suggested that temperatures could grow high – the ceiling was above the air conditioning vents, there was no attic space, the sprinkler heads were exposed to direct sunlight, and the roof lacked vents. Accordingly, even if the exclusion only comes into play

: 

Initials of Preparer                PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

when damage results from negligent fire system installation, there is no genuine dispute that such a standard would be satisfied here.[1]

This conclusion is not altered by the Court's earlier conclusion that the term "installation" is ambiguous in the context of the policy as a whole. Dkt. 18, at 6. When policy language is ambiguous, the Court must still construe it in a manner that is reasonable. *See Clarendon Am. Ins. Co. v. N. Am. Capacity Ins. Co.*, 186 Cal. App. 4th 556, 567 (2010) ("Any ambiguous terms are resolved in the insureds' favor, consistent with the insureds' *reasonable* expectations."). On this record, there is no reasonable interpretation of "installation" in the policy on which the exclusion would not be triggered.

Plaintiff tries to resist this conclusion by arguing that "installation" does not encompass Radix's mistake in this case. As Plaintiff would have it, Radix made an error in "design[ing] the system," and an error in design does not fall within the exclusion. Dkt. 42, at 17-18.

Such a tortured construction is unreasonable. The ordinary and popular meaning of the word "installation" encompasses the selection of parts. Installation in this context means "the act of installing." Merriam-Webster, *Installation*, https://www.merriam-webster.com/dictionary/installation. Installing means "to set up for use or service." Merriam-Webster, *Install*, https://www.merriam-webster.com/dictionary/installing. Installation is a process of putting something into working order. That process involves many discrete acts and many choices. When a system can be installed using different parts, the process of installation includes the choice of which parts to use.

Examining "installation" in the context of the policy makes this result plain. "Installation" is used to refer to other excluded operations, including work on elevators or escalators, work on foundations, and work on swimming pools. Ex. 1, at 109. If a contractor installing an elevator chose a cable too weak to hold the elevator car, on Plaintiff's theory that would be a design problem but not an installation problem. Similarly, if a contractor decided to use a material in a building foundation that

---

[1] The Court reaffirms its earlier conclusion that Defendant had a duty to defend Plaintiff in the underlying state court action based on the allegations in the complaint. "The duty to defend is broader than the duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 961 (2001) (citation omitted). "An insurer's duty to defend continues only so long as the possibility of duty to indemnify remains alive." *Liberty Mutual Ins. Co. v. Superior Court*, 58 Cal. App. 4th 617, 623 (1997). At the time of the prior order, there was still a "possibility" that no causal connection existed between installation of the sprinkler system and the water damage. The undisputed facts have now extinguished that possibility. PSUF ¶¶ 14-16.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

quickly corrodes, Plaintiff's theory would treat the issue as a problem of design – but not installation. Ordinary usage does not support this narrowing of "installation."

The other uses of "installation" in the same exclusion also make clear that "installation" refers to a phase of work rather than the particular act of putting an object in place. The exclusion includes as an operation "Elevator or Escalator Inspection, Installation, Servicing or Repair" and "Swimming Pool Installation or Repair." *Id.* As to these other operations, the exclusion covers other phases of work beyond installation. This suggests – consistent with ordinary meaning – that installation means the broader process of setting up for use or service rather than the narrower act of putting a particular object in a location. It would be inconsistent with ordinary English usage to say that Radix was only engaged in design – and not the "installation" phase of a project – when it decided to use a part that would activate the sprinkler at an inappropriately low temperature.

Accordingly, the Court concludes that there is no genuine dispute that the designated contractor operations exclusion applies, and Plaintiff is not entitled to coverage on these facts.

Because Plaintiff is not entitled to coverage, its bad faith and UCL claims also fail. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151, (1990) ("Where benefits are withheld for proper cause, there is no breach of the implied covenant.")[2]; *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("[T]he breadth of [the UCL] does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as one for unfair competition." (citation omitted)).

---

[2] Plaintiff argues that Defendant should have provided independent *Cumis* counsel. The only evidence provided in this motion of a potential conflict is an email from Plaintiff's counsel to the insurer-appointed counsel criticizing the insurer-appointed counsel's use of the term "installation" instead of "selection" in referring to the cause of the sprinkler activation. Dkt. 51-8, Ex. K. "[N]ot every conflict of interest triggers an obligation on the part of the insurer to provide the insured with independent counsel at the insurer's expense." *James 3 Corp. v. Truck Ins. Exch.*, 91 Cal. App. 4th 1093, 1101 (2001) (citation omitted). The existence of such a conflict must be supported by evidence demonstrating "a significant conflict" through circumstances such as: "the outcome of [the] coverage issue can be controlled by the insurer's retained counsel" or the retained counsel's "representation of the [insured] is rendered less effective by reason of his or her representation of the [insurer]." *Id.*; *see also Centex Homes v. St. Paul Fire & Marine Ins. Co.*, 19 Cal. App. 5th 789, 802-03 (2018) (allegations alone without evidence did not create triable issue on right to independent counsel). Here, Plaintiff points to no decision of insurer-provided counsel (beyond mere word choice) in the underlying action that would have affected the coverage dispute. Crucially, Plaintiff concedes in this action that the cause of the sprinkler activation was Radix's selection of the wrong sprinkler part. PSUF ¶¶ 14-16. Accordingly, the *Cumis* argument does not create a triable issue on the bad faith claim.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09973-SVW-RAO | Date | 7/9/2021 |
|---|---|---|---|
| Title | *CMB Developers Inc. v. Associated Industries Insurance Co., Inc.* | | |

**V.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment.

The motion for summary judgment [26], motion for leave to amend [30][3], and motion to strike [33] are denied as moot.

IT IS SO ORDERED.

---

[3] Out of an abundance of caution, the Court reviewed the changes in the proposed amended complaint. It contains no additional factual allegations that could alter this Court's decision on summary judgment.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |